IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM J. KELLY,<br><br>      Plaintiff,<br><br>   v.<br><br>LORI LIGHTFOOT as Mayor of the City of Chicago and DAVID BROWN as Superintendent of Police of the City of Chicago,<br><br>      Defendant. | Case No. 22-cv-4533<br><br>Honorable Sharon Johnson Coleman<br><br>Magistrate Judge Sunil R. Harjani |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants Mayor Lori Lightfoot and Police Superintendent David Brown respectfully move to dismiss Plaintiff's Complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(6) because the complaint fails to state a claim upon which relief can be granted. In support of this motion, Defendants state the following:

1. Plaintiff alleges that he is a journalist who has held a press credential in Chicago for ten years. Dkt. 1, 11. In this action, Plaintiff challenges the Police Superintendent's August 8, 2022, revocation of his press credential under General Order G-09-02-01, which provides that the Superintendent may revoke a press credential for "improper use or abuse" of that credential. Dkt. 1-2, 1 (Section II.C).

2. Attached to the revocation letter was a police report detailing an incident that occurred following a Mayoral press conference on July 19, 2022. According to the report, Plaintiff "became irate and aggressive," was "yelling at the Mayor," "followed [the Mayor's security detail] and the Mayor while continuing to yell," and "continued to scream and yell and try to get around or insert himself between the officers in an attempt to get closer to the Mayor." Dkt. 1-1 (Compl., Ex. C), 3. The report further stated that Plaintiff twice "deliberately bumped"

one of the officers, "thus causing [the officer] to receive a battery, while attempting to push past [the officer] and breach the safe zone" around the Mayor. Id. And the report explains that Plaintiff continued to pursue the Mayor all the way into the lobby of a nearby building while still yelling at her, and left the building once building security started to approach him. Id.

3. Plaintiff contends that his conduct on July 19 was not the real reason for the revocation, and that his credential was revoked because Mayor Lightfoot dislikes the questions that Plaintiff asks at her press conferences. In his Complaint, Plaintiff attempts to allege four separate constitutional claims: violation of the First Amendment freedom of the press, First Amendment retaliation based on protected speech, and equal protection and procedural due process violations under the Fourteenth Amendment.

4. Plaintiff's freedom of the press fails as a matter of law because, as the Seventh Circuit has held, there is no unfettered right of the media to attend press conferences of high-ranking officials, and access to press conferences may be limited pursuant to standards that are viewpoint-neutral and generally applicable. That is the case here, because Plaintiff's credential was revoked in accord with the neutral and generally-applicable criteria of the Police Department general order governing press credentials.

5. Plaintiff's First Amendment retaliation claim fails because he has not sufficiently alleged a causal connection between the Mayor's alleged animus and the Superintendent's action in revoking his press credential. In fact, the allegations and exhibits to the Complaint – to which Plaintiff is bound – refute any such inference.

6. Plaintiff's equal protection claim should be dismissed because it is duplicative of the freedom of the press claim and fails for the same reasons, including because the Seventh Circuit has rejected the "equal access" framework on which it is based.

7. Plaintiff's due process claim fails because his press credential is not a protected interest under applicable case law, and, regardless, sufficient process has been provided here.

WHEREFORE, for the reasons herein and explained more fully in Defendants' memorandum of law in support of this motion, Defendants respectfully request an order dismissing Plaintiff's Complaint and granting such other relief as is just and proper.

DATE: September 22, 2022

Respectfully submitted,

/s/ *Amie Medley*

Andrew W. Worseck
Deputy Corporation Counsel
Amie L. Medley
Assistant Corporation Counsel
City of Chicago, Department of Law
Constitutional & Commercial Lit. Div.
2 N. LaSalle St., Suite 520
Chicago, IL 60602
312-744-7129 / 2742
Andrew.Worseck@cityofchicago.org
Amie.Medley@cityofchicago.org