**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM J. KELLY, | ) | |
| | ) | Case No. 22-cv-4533 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| LORI LIGHTFOOT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William J. Kelly filed a four-count First Amended Complaint against defendants former Mayor Lori Lightfoot ("Lightfoot") and Chicago Superintendent of Police David Brown ("Brown") alleging defendants violated his First Amendment and Fourteenth Amendment rights. Before the Court is defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motion [33]. For similar reasons, the Court denies Plainitff's request for leave to file a Second Amended Complaint [48].

**Background**

*A. Factual Allegations*

The facts in Kelly's First Amended Complaint remain largely the same. Kelly alleges he is a journalist and that Defendants violated his First Amendment and Fourteenth Amendment rights when they revoked his press credentials under false pretenses. He maintains that over the last year from June 25, 2021 to July 19, 2022, he regularly attended former Mayor Lightfoot's press conferences as a reporter and asked her "hard questions" about Chicago's violent crime rate.

Kelly newly alleges that, following one of Lightfoot's press conferences in April of 2022, Lightfoot told her then Press Secretary Cesar Rodriguez "to find a way to bar Kelly from attending any further media availability events or press conferences." Kelly alleges Lightfoot told Rodriguez to

revoke Kelly's press credentials, even if an incident had to be staged to provide a false basis for doing so.

Thereafter, Superintendent Brown revoked Kelly's credentials, stating that Kelly's actions at a July 19, 2022 press conference were the basis of the revocation. An August 5, 2022 police report (the "Report") attached to Kelly's amended complaint states that Kelly "became irate and aggressive" and was "yelling" at Lightfoot at the July press conference. The Report further states that Kelly followed Lightfoot and her security detail, continued to yell and insert himself between the security officers to get closer to Lightfoot, and that Kelly "deliberately bumped" one of the officers while he attempted to push past the officer, breaching the "safe zone" around Lightfoot.

Superintendent Brown cites Chicago Police Department General Order G09-02-01 (the "General Order") as authority for the revocation, as it allows the police superintendent to revoke press credentials for "improper use or abuse." Kelly alleges Superintendent Brown revoked Kelly's press credentials to prevent him from asking about Lightfoot's multiple failures and because his embarrassing questions hurt Lightfoot's chances of being re-elected next year.

B. *Plaintiff's Re-Application for Press Credentials*

At presentment of the motion on August 30, 2023, Plaintiff's counsel confirmed that after Lightfoot lost the primary for the 2023 Mayoral election, Plaintiff re-applied for his press credentials.[1] To date, there is no oral or written claim that Plaintiff has re-applied and been denied for his press credentials since Mayor Johnson's election.

C. *Procedural History*

Kelly filed his original complaint against Defendants on August 25, 2022. Defendants moved to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). The Court granted Defendants' motion to dismiss the prior Counts I, II, and IV of Plaintiff's original complaint

---

[1] At that time, the general election had not taken place. On April 4, 2023, Mayor Brandon Johnson was elected.

with prejudice, and dismissed the First Amendment retaliation claim (the prior Count II) without prejudice. Plaintiff's amended complaint now alleges First Amendment Retaliation as Count I, a violation of the Equal Protections Clause under the Fourteenth Amendment as Count II, and a violation of the Due Process Clause of the Fourteenth Amendment as Count III. Counts II and III of this complaint were previously Counts I, III, and IV of the original complaint.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, Plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Mere recitations of the elements of a cause of action in a conclusory fashion are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

*A. Mootness*

Before addressing the complaint, the Court first considers whether this matter is moot as Lightfoot is no longer in office. See *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008). A federal court must not decide on legal issues where current factual events have rendered the issues moot. *See Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *City of Erie*, 529 U.S. at 287; *A.B. ex rel. Kehoe v. Hous. Auth. of S. Bend*, 683 F.3d 844, 845 (7th Cir. 2012).

As explained by the Seventh Circuit has explained:

> A demand for present or prospective (declaratory or injunctive) relief imposes a substantial burden on the plaintiff to show survival of the controversy. Thus, when a public official is sued in his official capacity and the official is replaced or succeeded in office during the pendency of the litigation, the burden is on the complainant to establish the need for declaratory or injunctive relief by demonstrating that the successor in office will continue the relevant policies of his predecessors.

*Kincaid v. Rusk*, 670 F.2d 737, 741 (7th Cir. 1982) (citing *Spomer v. Littleton*, 414 U.S. 514, 520–523, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974)), *abrogation on other grounds recognized by Salazar v. City of Chi.*, 940 F.2d 233 (7th Cir. 1991).

Thus, where a plaintiff can show that an official's actions reflect an institutional policy that could be assumed to persist under that official's successor, the suit may continue and the defendant in question may be substituted pursuant to Federal Rule of Civil Procedure 25(d). *See, e.g., Rowe v. Davis*, 373 F.Supp.2d 822, 828 (N.D. Ind. 2005). Where the plaintiff has failed to meet that burden, the suit against that official is moot and must be dismissed for lack of subject matter jurisdiction. *See Kincaid*, 670 F.2d at 741.

Here, we conclude that Plaintiff has failed to meet this burden. Plaintiff applied for a press pass after then-Mayor Lightfoot lost the primary election, but has failed to reapply since that primary or Mayor Brandon Johnson has taken office. As a result, he cannot show any official action that reflects an institutional policy that can be presumed to persist under Mayor Johnson, Lightfoot's successor. Thus, this matter is moot and has no jurisdictional basis.

### B. First Amendment Retaliation

Even if this matter were not moot, this Court finds that Plaintiff cannot prevail on his first amendment retaliation claim. "To make out a prima facie case of first amendment retaliation, a [plaintiff] must present evidence that: (1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action." *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Additionally, a plaintiff must show that the defendant did in fact retaliate and that retaliation caused the plaintiff's injury.

4

*Nieves v. Bartlett*, 139 S. Ct. 1715, 1722, 204 L. Ed. 2d 1 (2019). If the plaintiff fails to show that the retaliation was the but-for cause of their injuries, "the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind." *Hartman v. Moore*, 547 U.S. 250, 260, 126 S. Ct. 1695, 1703, 164 L. Ed. 2d 441 (2006).

Here, Kelly's cannot show that the alleged retaliation was the but-for causal connection of his injuries for several reasons. First, Kelly has an extensive history of asking Lightfoot questions without consequence. It is clear from the pleadings that Kelly attended several of Lightfoot's press conferences from June 25, 2021 up until July 19, 2022 and frequently participated by asking Lightfoot "tough" questions. Based on these facts plead by Plaintiff, it is implausible that Plaintiff's questions were the reason for his credential revocation. Second, Plaintiff's exhibits and attached evidence demonstrate that Plaintiff's conduct (pushing through Mayor Lightfoot's security team, demonstrating aggressive and irate behavior) was the reason for his credential revocation. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[A] court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice."); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir.2013) (considering video cited in and attached to complaint). Thus, Plaintiff cannot state a claim for first amendment retaliation.

### C. *Equal Protection and Due Process Claims*

Finally, Plaintiff repackages his equal protection and due process claims from his first complaint (Counts I, III, and IV from the original complaint) here as Counts II and III . Previously, the Court dismissed all four counts of Plaintiff's original complaint, and stated only that the dismissal of the First Amendment retaliation claim (the prior Count II) was without prejudice. *See Patrick v. Fuelling*, No. 14 C 5414, 2022 WL 444131, at *3 (N.D. Ill. Feb. 14, 2022) (Kendall, J.) ("When a claim is dismissed with prejudice, a plaintiff is foreclosed from filing a suit again on the same claim.")

Because the Court did not grant Kelly leave to amend Counts I, II, and IV, he may not reassert them in his amended complaint. Thus, this Court does not consider these claims.

      *D. Motion for Leave to File Second Amended Complaint*

      Finally, Plaintiff asks this Court to grant him leave to file his Second Amended Complaint adding the appropriate new parties of Mayor Johnson, Superintendent Snelling, the City of Chicago, as well as Defendants Lightfoot and Brown in their individual capacities [48]. Motions for leave to amend, governed by Fed. R. Civ. P. 15(a), are matters "purely within the sound discretion of the district court." Brunt v. Serv. Emps. Int'l Union, 284 F.3d 715, 720 (7th Cir. 2002); *Hecker v. Deere & Co.,* 556 F.3d 575, 591 (7th Cir.2009) (holding that the district court did not abuse its discretion by denying a motion for reconsideration requesting leave to amend the complaint "because the plaintiff did not attach an amended complaint and did not indicate the 'exact nature of the amendments proposed.'") Here, Plaintiff's motion does not suggest that Plaintiff will assert any new claims against any of the new parties, does not explain why the additional parties are necessary, and does not identify any legal basis for the damages claims against former Mayor Lightfoot and Superintendent Brown. Additionally, Plaintiff has failed to attach a second amended complaint detailing the exact nature of the proposed changes. Thus, the motion for leave to file a second amended complaint is denied.

**Conclusion**

      Based on the foregoing reasons, the Court grants defendants' motion to dismiss with prejudice [33]. Additionally, Plaintiff's motion for leave to file a second amended complaint is denied [48].[2]

      IT IS SO ORDERED.

Date: 9/5/2023

Entered: _____
                        SHARON JOHNSON COLEMAN
                        United States District Judge

---

[2] On September 8. 2022, Plaintiff filed a motion for preliminary injunction against Lori Lightfoot and David Brown [13]. On September 15, 2022, this matter was transferred from the Honorable Virginia M. Kendall to the Honorable Sharon Johnson Coleman. No further briefing on the preliminary injunction occurred and Lightfoot and Brown are not parties to this case. Accordingly, Plaintiff's motion for preliminary injunction is denied as moot.